Anthony B. Gordon, SBN 108368
Gordon & Gordon, a Professional Law Corporation
5550 Topanga Canyon Blvd., Suite 200
Woodland Hills, CA 91367
Phone:      (818) 887-5155
Email:      law@anthonybgordon.com

*Attorney for Defendant Wheels Outlet USA, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INOVIT, INC., a California corporation; WHEELS OUTLET USA, LLC a Florida limited liability company d/b/a INOVIT EAST COAST; YINGSHEN (VICTOR) MAO, an individual; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-08696-JFW-KS<br><br>**DEFENDANT WHEELS OUTLET USA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   March 8, 2021<br>Time:  1:30 p.m.<br>Judge: Hon. John F. Walter<br>Courtroom:  7A<br>Complaint Filed: 09/22/2020 |

1
2

# **TABLE OF CONTENTS**

3

1.   SUMMARY OF ARGUMENT ...............................................................1

2.   DISMISSALS UNDER FED. R. CIV. P. 12(b)(6) ...............................1

     a.   Plaintiff's Fifth Cause of Action Should be Dismissed
         For Failing to Identify the Products Accused of Infringement...2

     b.   Plaintiff's Fifth Cause of Action Should be Dismissed
         For Failing to Identify the Asserted Patents ...............................4

3.   SHOTGUN PLEADINGS ARE NOT PERMITTED .........................4

4.   CONCLUSION .....................................................................................5

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Grace v. Fed. Emergency Mgmt.*, 889 F. Supp. 394 (C.D. Cal. 1995) .......... 1

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).............................................................. 1

*Daniels-Hall v. Nat'l Educ. Assoc.*, 629 F.3d 992 (9th Cir. 2010) ................. 1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................... 1, 2

*Puma SE v. Forever 21, Inc.*, 2017 WL 4771004 (C.D. Cal. June 29, 2017) 2, 3, 4

*Sanho Corp. v. Intelliarmor*, 2020 WL 6153265 (C.D. Cal. Sept. 25, 2020) 2, 3

*Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*, 2020 WL 2027955 (C.D. Cal. Jan. 6, 2020) .................................................................................... 4

*Peterson v. Johnson*, 2016 WL 11515452 (C.D. Cal. Nov. 14, 2016).......... 5

*Mason v. City of Orange*, 251 F.R.D. 562  (C.D. Cal. 2008)........................ 5

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(6) ......................................................................... 1, 2, 5

**DEFENDANT WHEELS OUTLET USA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. SUMMARY OF ARGUMENT

Plaintiffs' Fifth Cause of Action alleges that Wheels Outlet is infringing upon a laundry list of BMW Design Patents.  Yet, nowhere in the Complaint do Plaintiffs actually identify the products accused of infringement or provide comparisons of the accused and infringing designs.  In the absence of this, Plaintiffs' Complaint is nothing more than conclusions couched as factual allegations.  This is insufficient under Fed. R. Civ. P. 12(b)(6).  Plaintiffs' Complaint is also defective as the list of design patents being asserting is open ended by virtue of "including but not limited to" language employed in the Complaint.  Finally, each of Plaintiffs' six causes of action incorporates by reference "each of the other allegations set forth elsewhere in the Complaint." (Dkt. 1 at ¶54.)  This is an impermissible shotgun pleading that makes it impossible for Wheels Outlet to understand the factual basis supporting each of the individual claims.

### 2. DISMISSALS UNDER FED. R. CIV. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defending party to test the formal sufficiency of the pleadings.  *See Grace v. Fed. Emergency Mgmt.*, 889 F. Supp. 394, 396 (C.D. Cal. 1995).  In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must draw all

1

reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Assoc.*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

### a. Plaintiff's Fifth Cause of Action Should be Dismissed as Failing to Identify the Products Accused of Infringement

Plaintiffs' Fifth Cause of Action states a claim for Federal Design Patent Infringement. (*See* Dkt. 1 at ¶¶90-100.)   In order to state a claim for design patent infringement, a plaintiff must: (1) allege ownership of the patent, (2) name each defendant, (3) cite the patent, (4) state the means by which the defendant allegedly infringes, and (5) point to the sections of the patent law invoked.  *See Puma SE v. Forever 21, Inc.*, No. CV17-2523 PSG EX, 2017 WL 4771004, at *2 (C.D. Cal. June 29, 2017).  Thus, a complaint for design patent infringement should be dismissed if it fails to identify the products alleged to be infringing.  *See Sanho Corp. v. Intelliarmor*, No. 820CV00735JLSDFM, 2020 WL 6153265, at *4 (C.D.

2

Cal. Sept. 25, 2020)("Here, the Court is left to guess whether the Accused Products bear any resemblance to the Design Patents Sanho asserts and appends to its [First Amended Complaint].")

In the present case, Plaintiffs' Fifth Cause of Action fails to identify a single product that is accused of infringement.   The Complaint is devoid of any product names, product numbers, product descriptions, or depictions of the products that stand accused of infringement.  Nor does the Complaint provide a comparison of the allegedly infringing wheels to the asserted designs.  Instead, Plaintiffs have provided legal conclusions couched as factual allegations, by stating that Defendants' have infringed by "using, selling and/or offering to sell…wheels which embody the design covered by Plaintiffs' patents."  (*See* Dkt. 1 at ¶92.)  Such conclusory statements do not pass muster under Fed. R. Civ.P. 12(b)(6). *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts in this Judicial District have dismissed Complaints containing far more detailed infringement allegations.  For example, in *Sanho Corp.*, the complaint at issue attached copies of the asserted design patents and also identified the infringing products by name. (*See* Case No. 8:20-cv-00745-JLS-DFM at Dkt. 39.)  Despite this, the Complaint was still dismissed because the plaintiff did not make any factual allegations that the accused products were similar to the design patents and it did not "incorporate any drawings or photographs that [would] allow the Court to infer a plausible claim of infringement. *See Sanho Corp.* at *4.

3

Conversely, in *Puma SE*, the court properly denied a motion to dismiss, after noting that the operative complaint contained side-by-side depictions of the asserted design and the accused product. *See Puma SE v. Forever 21, Inc.*, No. CV17-2523 PSG EX, 2017 WL 4771004, at *2 (C.D. Cal. June 29, 2017).  A sample of the comparison from *Puma SE* is depicted below:



| Plaintiff's Design (FIG 4, '288 Patent) | Defendant's "Yoki Sneakers" |
|---|---|

In sharp contrast, Plaintiff's Complaint fails to identify *any* products accused of infringement, much less provide depictions of the accused products or comparisons of the accused and infringing designs. Again, Plaintiffs claim is buttressed only by legal conclusions masquerading as factual statements, such as "Defendants have infringed by using, selling and or offering to sell…wheels which embody the design covered by Plaintiff' patents." (*See* Dkt. 1 at ¶92.)  This statement is insufficient to survive a motion to dismiss, and it is also confusing as it suggests that the laundry list of design patents referenced in the Complaint somehow embody only a single design.  Plaintiffs' Fifth Cause of Action must therefore be dismissed.

4

**DEFENDANT WHEELS OUTLET USA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES**

1

2

### b. **Plaintiff's Fifth Cause of Action Should be Dismissed as Failing to Identify the Asserted Patents**

3

4

5

6

7

8

9

10

Plaintiffs' Complaint should similarly be dismissed for failing to property identify the asserted design patents.  To survive a motion to dismiss, a claim for design patent infringement must identify the patents being asserted.  *See Puma SE v. Forever 21, Inc.*, No. CV17-2523 PSG EX, 2017 WL 4771004, at *2 (C.D. Cal. June 29, 2017).   In the present case, Plaintiffs identify the asserted patents as follows:

11

12

13

14

15

> Plaintiff BMW AG owns various valid and lawfully issued United States Design Patents, ***including but not limited to*** wheel design patent nos: D696,178; D792,315; D560,585; D758,943; D748,560; D615,018; D671,473; D686,128; D826,128; D630,564; D661,239; D621,770; D697,007; and D686,130 (collectively the "BMW Design Patents.")
> (*See* Dkt. 1 at ¶36) (emphasis added).

16

17

18

19

20

21

22

23

24

25

26

27

Plaintiffs thereafter baldly accuse Wheels Outlet of infringing upon the "BMW Design Patents."  (*See* Dkt. 1 at ¶¶92-93.)  As a consequence of using the "including but not limited to" language when defining the asserted "BMW Design Patents," Plaintiffs have created an opened ended list of design patents that may potentially be asserted against Wheels Outlet.  This is especially troubling here as the United States Patent and Trademark Office currently lists over 1500 design patents as being assigned to Bayerische Motoren Werke AG.  In order to state a claim for patent infringement, a plaintiff must, as a minimum, property identify the patents that are being asserted. *See Puma SE* at *2.  Plaintiffs' Complaint fails in

28

**DEFENDANT WHEELS OUTLET USA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES**

this regard and must be dismissed.

### 3. <u>SHOTGUN PLEADINGS ARE NOT PERMITTED</u>

"Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*, No. SACV1900709AGADSX, 2020 WL 2027955, at *2 (C.D. Cal. Jan. 6, 2020); *see also Peterson v. Johnson*, No., SACV160240AGJCGX, 2016 WL 11515452, at *2 (C.D. Cal. Nov. 14, 2016)(noting that a pleading that incorporates by reference all preceding paragraphs is an impermissible shotgun pleading); *Mason v. City of Orange*, 251 F.R.D. 562, 563–64 (C.D. Cal. 2008)("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.")

Court often define a shotgun pleading as a claim that incorporates all the preceding paragraphs regardless of their factual relevance. Plaintiffs' Complaint presents an even more dizzying situation in that each count incorporates by reference "each of the other allegations set forth elsewhere in this Complaint." (*See* Dkt. 1 at ¶¶54, 65, 76, 82, 90, 97.) Namely, instead of incorporating by reference the preceding paragraphs (which is impermissible), Plaintiffs have incorporated by reference *all* of the facts detailed in the entirety of Complaint into each count. The

6

Complaint becomes even more opaque when one considers that Plaintiffs' are asserting 14 (or more) different design patents and 20 different trademark registrations against an unknown number of unidentified, and otherwise unspecified, products.

Plaintiffs' Complaint should be dismissed as an impermissible shotgun pleading.

### 4. <u>CONCLUSION</u>

Wherefore, Defendant Wheels Outlet USA, LLC respectfully seeks entry of an order dismissing Plaintiffs' Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

*Anthony B. Gordon*

_____
Anthony B. Gordon
Gordon & Gordon, a Professional Law
Corporation
5550 Topanga Canyon Blvd., Suite 200
Woodland Hills, CA 91367
Phone: (818) 887-5155
Email: law@anthonybgordon.com

and

Michael J. Colitz, III
FL Bar Number: 164348
GrayRobinson, PA
401 East Jackson Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 273-5000
Email: michael.colitz@gray-robinson.com
*Pro Hac Vice Application Pending*

*Attorneys for Defendant Wheels Outlet USA,*
*LLC*

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on January 27 2021, the foregoing document was electronically filed with the Clerk of the court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "notice of Electronic Filing" to all attorneys of record who have consented to accept this notice as service of this document by electronic means.

*Anthony B. Gordon*

_____

Anthony B. Gordon

#43327694 v1

8