JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>INOVIT INC., a California corporation; WHEELS OUTLET USA LLC, a Florida limited liability company d/b/a INOVIT EAST COAST; YINGSHEN (VICTOR) MAO, an individual; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:  2:20-cv-08696 JFW (KSx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>(1) FEDERAL TRADEMARK INFRINGEMENT & COUNTERFEITING [15 U.S.C. § 1114/*Lanham Act* § 32(a)]<br><br>(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham A*ct § 43(a)]<br><br>(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]<br><br>(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]<br><br>(5) FEDERAL DESIGN PATENT INFRINGEMENT [35 U.S.C. § 271]<br><br>(6) BREACH OF SETTLEMENT AGREEMENT<br><br>[DEMAND FOR JURY TRIAL] |

- 1 -
FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiffs BMW of North America, LLC ("BMW NA") and Bayerische Motoren Werke AG ("BMW AG") (collectively "BMW" or "Plaintiffs") hereby file their First Amended Complaint for Damages ("FAC") against Defendants Inovit Inc. ("INOVIT"), Wheels Outlet USA LLC ("WHEELS OUTLET USA"), YingShen (Victor) Mao ("MAO"), and Does 1-10, inclusive (collectively "Defendants").

## **PARTIES**

1.      Plaintiff BMW NA is a Delaware limited liability company registered to conduct business in the State of California with its principal place of business located in Woodcliff Lake, New Jersey. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of BMW AG.  BMW NA is the exclusive authorized distributor of "BMW", "BMW M" and "MINI" automotive and related products in the United States.

2.      Plaintiff BMW AG is a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany. BMW AG manufactures motor vehicles, emblems, wheels, grilles, and other parts in Germany and other countries for export and sale throughout the world.

3.      Plaintiffs are informed and believe, and on that basis allege, that Defendant INOVIT is a California corporation with a principal place of business located in El Monte, California.

4.      Plaintiffs are informed and believe, and on that basis allege, that Defendant WHEELS OUTLET USA is a Florida limited liability company doing business as INOVIT EAST COAST with a principal place of business located in Tampa, Florida.

5.      Plaintiffs are informed and believe, and on that basis allege, that Defendants INOVIT and WHEELS OUTLET USA did not and do not have

sufficient funding to assume responsibility for their actual and foreseeable liabilities.

6.      Plaintiffs are informed and believe, and on that basis allege, that Defendants INOVIT and WHEELS OUTLET USA are undercapitalized.

7.      Plaintiffs are informed and believe, and on that basis allege, that Defendants INOVIT and WHEELS OUTLET USA have failed to observe corporate formalities required by law.

8.      Plaintiffs are informed and believe, and on that basis allege, that Defendants INOVIT and WHEELS OUTLET USA are the alter ego of Defendant MAO.

9.      Plaintiffs are informed and believe, and on that basis allege, that Defendant MAO is an individual residing in and conducting business from Los Angeles County, California.

10.     Plaintiffs are informed and believe, and on that basis allege, that Defendant MAO is an owner, operator, member, officer and manager of Defendants INOVIT and WHEELS OUTLET USA, and the moving force behind the actions of Defendants INOVIT and WHEELS OUTLET USA complained of herein.

11.     Plaintiffs are informed and believe, and on that basis allege, that Defendants INOVIT, WHEELS OUTLET USA, MAO, and Does 1-10, inclusive, and each of them, were the agents, partners, joint venturers, servants, and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, partnership, joint venture, service or employment.

12.     Plaintiffs are informed and believe, and on that basis allege, that Defendants INOVIT, WHEELS OUTLET USA, MAO, and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

FIRST AMENDED COMPLAINT FOR DAMAGES

13.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein identified as Does 1-10, inclusive, are unknown to Plaintiffs.   Plaintiffs therefore sue said Doe defendants by such fictitious names, and when the true names and capacities of said Doe defendants are ascertained, Plaintiffs will seek to amend this pleading accordingly.

## JURISDICTION / VENUE

14.    This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. §§ 1331 and/or 1338(a), and supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

15.    This Court has general personal jurisdiction over Defendants INOVIT and MAO inasmuch as INOVIT is a California corporation, and MAO is an individual residing in and conducting business from the State of California.

16.    This Court has specific personal jurisdiction over Defendant WHEELS OUTLET USA inasmuch as it has committed the tortious activities of trademark infringement and design patent infringement alleged in this FAC by purposefully directing its infringement activities to retailers/buyers in the State of California.  Defendant WHEELS OUTLET USA has sufficient minimum contacts with California such that the exercise of jurisdiction over it by this Court does not offend traditional notions of fair play and substantial justice.

17.    In addition, Plaintiff BMW NA has significant contacts with the State of California. For example, Plaintiff BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California.  In addition, Plaintiff BMW NA operates a Vehicle Distribution Center (one of four) and Parts Distribution Centers (two of six) in California.  Plaintiff BMW NA also has more than fifty (50) dealerships throughout the State of California.

/ / /

- 4 -
FIRST AMENDED COMPLAINT FOR DAMAGES

18.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because, Plaintiffs are informed and believe, and on that basis allege, that a substantial part of the events or omissions giving rise to these claims occurred within this District, and has caused damage to Plaintiffs in this District.

## GENERAL ALLEGATIONS

### Plaintiffs and the Famous BMW Trademarks and Products

19.    Plaintiffs are in the business of designing, manufacturing, and distributing motor vehicles, motor vehicle parts and accessories, sold under various trademarks, including but not limited to:

a.    the "BMW" word mark, the BMW logo and BMW model names, such as 3 SERIES, 5 SERIES, and 7 SERIES (collectively "BMW Marks"); and

b.    the M logo and M model names such as M2, M3, M4, M5, and M6 (collectively "BMW M Marks").

20.    Plaintiffs' products and marks have achieved great success since their introduction in commerce in the United States continuously since as early as 1955 for the BMW brand and since as early as 1987 for the BMW M brand.

21.    BMW also provides numerous services, such as maintenance and repair services, financing, leasing, insurance and warranty services. BMW also sells a wide variety of merchandise bearing the BMW and BMW M Marks, including but not limited to apparel, mugs, bags, toys, pens and watches. BMW has manufactured, marketed and sold millions of vehicles in the United States.

22.    Plaintiffs have for decades utilized a network of authorized dealers in the United States to market both new and certified pre-owned BMW and BMW M vehicles, vehicle parts, accessories, and merchandise, and services such as rental, financing, and maintenance services.   BMW currently has more than 340 authorized dealers in the United States.

/ / /

23.     Plaintiffs' commercial success under the BMW and BMW M Marks in the United States and around the world has been tremendous. Plaintiffs have sold many billions of dollars of products and services under the BMW and BMW M Marks in the United States over the years. Plaintiffs' motor vehicles and related motor vehicle parts and accessories have earned a reputation for innovation, quality and performance and have won numerous awards in the industry in the United States and around the world.

24.     Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their marks and products.  Plaintiffs spend tens of millions of dollars every year in the United States to extensively advertise, market, and promote products and services offered under the BMW and BMW M Marks through a variety of media, including television and print advertisements, the Internet, and high-profile sponsorships.

25.     As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the Plaintiffs' products, the BMW and BMW M Marks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW and BMW M Marks, and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, the Plaintiffs' BMW Marks are famous in the United States and around the world.

26.     In use in the United States since 1955, the BMW Marks, in particular, enjoy unquestionable fame as a result of long use, extensive advertising, massive commercial success, substantial publicity, and favorable public acceptance and recognition. Indeed, the BMW Marks have become among the most recognized brands in the world, and have consistently been ranked in many top-100 lists for years, including No. 22 in "100-top Most Powerful Brands" by Tenet Partners in

FIRST AMENDED COMPLAINT FOR DAMAGES

2017, No. 20 in "The World's Most Valuable Brands" by Forbes in 2018, and No. 13 in "Best Global Brands" by Interbrand in 2018, among many others.

27.     Furthermore, federal district courts have recognized that the BMW Marks are famous. *See BMW of N. Am., LLC v. Eurotech Wheels, LLC*, No. 08 CV 0171 JM (WMC), 2008 WL 11337018, at *1 (S.D. Cal. July 25, 2008) (finding that the BMW Word Mark and BMW Logo are both famous); *BMW of N. Am., LLC v. Quality Star Benzz LLC*, No. 2:12-CV-00889-GMN, 2013 WL 1338233, at *1 (D. Nev. Mar. 29, 2013) ("BMW NA has expended millions of dollars in advertising across the United States in connection with its Marks [including the BMW Logo] making them famous.").

### BMW AG's Registered Trademarks

28.     Although Plaintiffs have gained significant common law trademark rights based on their use in commerce of the BMW and BMW M Marks, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations.

29.     Plaintiff BMW AG is the exclusive owner of numerous federally registered and common law trademarks.

30.     Plaintiff BMW AG owns United States Patent and Trademark Office ("U.S.P.T.O.") certificates of registrations for the following BMW and BMW M Marks relevant to this action (collectively the "BMW Trademarks").

| Mark | Reg. No.<br>Reg. Date | Goods and Services<br>(Summary) |
|:---:|:---:|:---|
| BMW | 0611710<br>9-6-1955 | Automobiles, motorcycles. |
| BMW | 2816178<br>02-24-2004 | Floor mats for vehicles in class 27;<br>Various goods in classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 16, 18, 20, 21, 22, 24, 25, and 28. |

- 7 -
FIRST AMENDED COMPLAINT FOR DAMAGES

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
|---|---|---|
| BMW | 5333863 11-14-2017 | Metal badges and plates in class 06; Various land vehicle engine parts in class 07; Lights for vehicles and other goods in class 11; Land vehicles and various parts and accessories for land vehicles, including structural parts, side grills being vehicle trim, badges, wheels, hubcaps, valve stem caps and other goods in class 12; Pens, pencils, notepads, notebooks, decals, adhesive labels, and adhesive stickers, and other goods; boxes, namely, stationery boxes, cardboard boxes and paper boxes; shopping bags made of paper or cardboard, and containers, storage containers and packaging containers made of paper or cardboard; merchandise bags made of paper or cardboard and other goods in class 16; Floor mats for vehicles in class 27; Toy products in class 28. |
|  | 613465 10-4-1955 | Automobiles, motorcycles and parts thereof. |
|  | 1450212 8-4-1987 | Apparatus for lighting for use in the automotive industry in class 11; Land vehicles and parts thereof in class 12; (Various other goods and services in Classes 1, 2, 3, 4, 5, 6, 8, 9, 11, 12, 14, 16, 18, 20, 21, 24, 25, 26, 28, 34, 35, 36, 37, 39, and 41.) |

- 8 -
FIRST AMENDED COMPLAINT FOR DAMAGES

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
|------|--------------------|-----------------------------|
|  | 5333865 11-14-2017 | Land vehicles and parts thereof in class 12; Floor mats for vehicles, rubber mats, and carpeting for automobiles in class 27; Various other goods and services in classes 6, 7, 11, 16, and 28. |
|  | 4293991 2-26-2013 | Automobiles, motorcycles and sports utility vehicles and their parts namely structural parts, engines, wheels, transmissions, windshields, differentials, fenders, drive belts, gears, axles, brakes and braking systems, chassis, badges, bumpers, vehicle seats, trunks, side mirrors, rear view mirrors, steering wheels, shock absorbers, safety belts, rims for vehicle wheels, anti-theft devices for vehicles (among other goods in Class 12). |
|  | 5333900 11-14-2017 | Metal badges and plates in class 06; Various land vehicle engine parts in class 07; Lights for vehicles and other goods in class 11; Land vehicles and various parts and accessories for land vehicles, including structural parts, side grills being vehicle trim, badges, wheels, hubcaps, valve stem caps and other goods in class 12; Pens, pencils, notepads, notebooks, decals, adhesive labels, and adhesive stickers, and other goods; boxes, namely, stationery boxes, cardboard boxes and paper boxes; shopping bags made of paper or cardboard, and containers, storage containers and packaging containers made of paper or cardboard; merchandise bags made of paper or cardboard and other goods in class 16; |

- 9 -
FIRST AMENDED COMPLAINT FOR DAMAGES

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
|---|---|---|
| | | Floor mats for vehicles in class 27; Toy products in class 28. |
|  | 5333899 11-14-2017 | Metal badges and plates in class 06; Various land vehicle engine parts in class 07; Lights for vehicles and other goods in class 11; Land vehicles and various parts and accessories for land vehicles, including structural parts, side grills being vehicle trim, badges, wheels, hubcaps, valve stem caps and other goods in class 12; Pens, pencils, notepads, notebooks, decals, adhesive labels, and adhesive stickers, and other goods; boxes, namely, stationery boxes, cardboard boxes and paper boxes; shopping bags made of paper or cardboard, and containers, storage containers and packaging containers made of paper or cardboard; merchandise bags made of paper or cardboard and other goods in class 16; Floor mats for vehicles in class 27; Toy products in class 28. |
|  | 1438545 05-05-1987 | Automobiles. |
|  | 2683597 02-04-2003 | Floor mats and trunk mats in class 27; Various other goods in class 12 and 25. |
|  | 3526899 11-4-2008 | Automobiles and their structural parts; parts of automobiles, namely, engines, wheels, steering wheels, door sills, gear shift knobs, headrests, seats, tire valve stem caps, license plate frames, car badges; |

| Mark | Reg. No.<br>Reg. Date | Goods and Services<br>(Summary) |
|---|---|---|
| | | automotive body kits comprising external structural parts of automobiles (class 12); Various goods in classes 06, 14, 18, 25, and 28. |
|  | 3767662<br>3-30-2010 | Motor vehicles being land vehicles and their parts, namely, wheels, steering wheels, door sills being strips of metal affixed to the automobile sill, gear shift knobs, headrests, seats, tire valve stem caps, license plate frames, badges for motor vehicles being trim; automotive body kits comprising external structural parts of automobiles; engines for motor vehicles (class 12); Jewelry, in particular key rings of precious metal; horological and chronometric instruments (class 14); Adhesive paper badges and stickers of paper or plastic; various other goods in class 16; Various other goods and services in classes 7, 18, 25, 28, 37 and 41. |
|  | 3767663<br>3-30-2010 | Motor vehicles being land vehicles and their parts, namely, wheels, steering wheels, door sills being strips of metal affixed to the automobile sill, gear shift knobs, headrests, seats, tire valve stem caps, license plate frames, badges for motor vehicles being trim; automotive body kits comprising external structural parts of automobiles; engines for motor vehicles (class 12); Jewellery, in particular key rings of precious metal; horological and chronometric instruments (class 14); |

- 11 -
FIRST AMENDED COMPLAINT FOR DAMAGES

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
|---|---|---|
| | | Adhesive paper badges and stickers of paper or plastic; various other goods in class 16; Various other goods and services in classes 7, 18, 25, 28, 37 and 41. |
|  | 5522663 7-24-2018 | Automobiles and their structural parts; bicycles; parts of automobiles, namely, engines, wheels, steering wheels, door sills being strips of metal affixed to the automobile sill, gear shift knobs, headrests, seat, tire valve steam caps, license plate frames, car badges, namely, vehicle identification badges and automobile hood ornaments; automotive body kits comprising external structural parts of automobiles (class 12); Floor mats in class 27; Various other goods and services in classes 7, 9, 14, 16, 18, 25, 28, 35, 37 and 41. |
| M2 | 3988515 7-5-2011 | Automobiles and structural parts therefor in class 12. |
| M3 | 2535373 2-5-2002 | Passenger motor vehicles and structural parts therefore in class 12. |
| M4 | 5425915 3-20-2018 | Automobiles in class 12. |
| M5 | 2381292 8-29-2000 | Passenger motor vehicles and structural parts therefore in class 12. |
| M6 | 3265555 7-17-2007 | Motor vehicles and structural parts therefor in class 12; Various other goods and services in classes 16 and 28. |

- 12 -
FIRST AMENDED COMPLAINT FOR DAMAGES

31.    The federal trademark registrations listed above are prima facie evidence of BMW's ownership and the validity of those registered trademarks. Further, many of these registrations are incontestable, and thus constitute conclusive evidence of BMW's exclusive right to use those marks for the products and/or services specified in those registrations pursuant to 15 U.S.C. §§1065 and 1115(b).

32.    Plaintiff BMW AG owns the BMW Trademarks.

33.    Plaintiff BMW AG has authorized and consented to Plaintiff BMW NA's use of the BMW Trademarks in the United States.

34.    Plaintiffs have never authorized or consented to Defendants' use of the BMW Trademarks in commerce, or any confusingly similar marks by Defendants.

### BMW AG's Registered Design Patents

35.    Plaintiff BMW AG, as one of the foremost designers and manufacturers of automobiles and automobile related products, is one of the largest producers of automobile wheels in the world, and the exclusive owner of numerous federally registered design patents for wheels.

36.    Plaintiff BMW AG owns valid and lawfully issued United States Design Patents for wheels relevant to this action including wheel design patent nos.: D560,585; D615,018; D621,770; D630,564; D661,239; D671,473; D826,128; D686,130; D696,178; D697,007; D748,560; D758,943; D792,315; and D686,128 (collectively the "BMW Design Patents").  True and correct copies of the BMW Design Patents are collectively attached hereto and marked as **Exhibit A**.

### Defendants' Infringing Conduct

37.    Beginning on a date that is unknown to Plaintiffs and continuing to the present, Plaintiffs are informed and believe, and on that basis allege, that Defendants have, without the consent of Plaintiffs, imported, offered for sale, sold and distributed infringing replica BMW wheels to consumers that were publicly

displayed and sold using the BMW Trademarks in advertising, and that embody the BMW Design Patents, that were not manufactured by Plaintiffs or any manufacturer authorized by Plaintiffs.

38.     On December 31, 2015, Plaintiffs and Defendant INOVIT entered into a Settlement Agreement to resolve Plaintiffs' prior claims against Defendant INOVIT stemming from its purchasing, importing, offering for sale, sale, and distribution of counterfeit, pirated, infringing or otherwise unauthorized automobile wheel rims embodying and comprised of BMW's design patents with counterfeit center caps and badges bearing BMW's trademarks in the case *BMW of North America, LLC, et al. v. Autosports European, et al.*, Case No.: 2:14-cv-07961 SJO (PJWx) filed in the United States District Court for the Central District of California.

39.     On January 29, 2016, the Court entered a Permanent Injunction against Defendant INOVIT pursuant to the December 31, 2015 Settlement Agreement entered into between Plaintiffs and Defendant INOVIT [ECF Dkt. 82, *BMW of North America, LLC, et al. v. Autosports European, et al.*].

40.     On or about October 2, 2018, U.S. Customs and Border Protection seized 468 labels and emblems bearing BMW Trademarks at the Port of Entry in Tampa, Florida being imported into the United States by WHEELS OUTLET, 8455 E. ADAMO DR., TAMPA, FL 33619[1].

41.     On May 28, 2019, Plaintiffs' put Defendant WHEELS OUTLET USA on written notice of infringement stemming from its importation of counterfeit labels and emblems bearing BMW Trademarks.

42.     On May 28, 2019, Plaintiffs' also put Defendant INOVIT on written notice of breach of the December 15, 2015 Settlement Agreement between the parties and violation of the Permanent Injunction stemming from Defendant

---

[1] Plaintiffs' received notice of this seizure by U.S. Customs and Border Protection in a seizure notice dated October 10, 2018 (FPF Case Number: 2019180100000101).

FIRST AMENDED COMPLAINT FOR DAMAGES

WHEELS OUTLET USA's importation of counterfeit labels and emblems bearing BMW Trademarks from China.

43.    Plaintiffs are informed and believe, and on that basis allege, that despite prior warning Defendants continue to import infringing replica BMW wheels into the United States that embody and are comprised of BMW Design Patents.

44.    Plaintiffs are informed and believe, and on that basis allege, that Defendants solicit business from automobile wheel retailers and resellers – including but not limited to automobile wheel retailers and resellers residing in and/or conducting business from the State of California and within this District – via e-mail  from "**Inovit Wheels** <wheelsinventory8@gmail.com>" by sending a catalog of their Replica Inventory that is accessible to potential purchasers through a link.  A true and correct copy of Defendants Replica Inventory catalog is attached hereto as **Exhibit B**.

45.    Plaintiffs are informed and believe, and on that basis allege, that Defendants require their customers to complete a Customer Profile, and an Application Agreement in order for Defendants to ship any wheels sold.

46.    Plaintiffs are informed and believe, and on that basis allege, that Defendants set venue for any litigation arising from disputes arising under the terms of their own Application Agreement with customers in Los Angeles, Orange, or San Bernardino counties.

47.    Plaintiffs are informed and believe, and on that basis allege, that Defendants regularly and systematically advertised, marketed, distributed and sold a presently unknown quantity of automobile wheels embodying and comprised of BMW Design Patents and using BMW Trademarks in advertising.

48.    Plaintiffs are informed and believe, and on that basis allege, that through such business activities, Defendants have purposefully derived benefit from their interstate commerce activities by expressly targeting foreseeable

purchasers in the State of California and throughout the United States.

49.     Plaintiffs are informed and believe, and on that basis allege, that Defendants violated and continue to violate Plaintiffs' exclusive rights to the BMW Trademarks and use images and marks that are identical to and/or confusing similar to the BMW Trademarks to confuse consumers and aid in the promotion and sale of infringing replica BMW wheel rims.

50.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' infringing uses of BMW Trademarks and BMW Design Patents in commerce began long after Plaintiffs' adoption and use of the BMW Trademarks and BMW Design Patents, after Plaintiffs obtained the trademark and design patent registrations alleged above, and after the BMW Trademarks became famous. Neither Plaintiffs nor any of Plaintiffs' authorized agents have consented to Defendants' use of Plaintiffs' BMW Trademarks or BMW Design Patents.

51.     Plaintiffs are informed and believe, and on that basis allege, that despite their prior Settlement Agreement with Defendant INOVIT and written notice to Defendants to cease and desist from further dealings in infringing products bearing BMW Trademarks and/or embodying BMW Design Patents, Defendants continue to violate Plaintiffs' exclusive rights in and to the BMW Trademarks and BMW Design Patents.

52.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' actions were committed intentionally, in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants.   Through their wrongful conduct, Defendants have directly traded upon and diminished Plaintiffs' goodwill.

53.     In committing these acts, all of which have and will continue to cause irreparable harm to Plaintiffs, Plaintiffs are informed and believe, and on that basis allege, that Defendants have, among other things, willfully and in bad faith: (i)

infringed, tarnished, diluted Plaintiffs' rights in the BMW Trademarks and BMW Design Patents; (ii) used counterfeit BMW Trademarks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) misled the public into believing that Plaintiffs endorse Defendants products; (v) used false designations of origin on or in connection with its goods and services; (vi) infringed upon the BMW Design Patents; and (vii) profited unfairly from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks & Counterfeiting by Defendants INOVIT INC., WHEELS OUTLET USA LLC d/b/a INOVIT EAST COAST, YINGSHEN (VICTOR) MAO, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

54.    Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 19 - 53 in this FAC as though fully set forth in this cause of action.

55.    Plaintiffs have continuously used the BMW Trademarks in interstate commerce.

56.    Plaintiff BMW AG, as the exclusive owner of all right, title and interest in and to the BMW Trademarks, and Plaintiff BMW NA as an authorized licensee to use the BMW Trademarks in the United States with consent from Plaintiff BMW AG, have standing to maintain an action for trademark infringement under 15 U.S.C. §1114.

57.    Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW Trademarks to deal in and commercially import, sell and/or distribute products bearing the BMW Trademarks in commerce.

/ / /

58.     Plaintiffs are informed and believe, and on that basis allege, that Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW Trademarks.

59.     Plaintiffs are informed and believe, and on that basis allege, that Defendants intentionally and knowingly used in commerce reproductions, counterfeits, copies and/or colorable imitations of Plaintiffs' BMW Trademarks to offer for sale, sell and distribute counterfeit goods bearing BMW Trademarks to consumers online.

60.     Plaintiffs are informed and believe, and on that basis allege, that Defendants imported, transported, offered for sale, sold and distributed counterfeit goods bearing Plaintiffs' BMW Trademarks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit goods bearing Plaintiffs' BMW Trademarks.

61.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' egregious and intentional importation, sale and/or distribution of counterfeit goods bearing Plaintiffs' BMW Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs and/or authorized manufacturers.

62.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the BMW Trademarks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

63.     Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to their rights in and to the BMW Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus, Plaintiffs request injunctive relief.

- 18 -
FIRST AMENDED COMPLAINT FOR DAMAGES

64.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' continued knowing and willful importation, sale and distribution of goods bearing Plaintiffs' BMW Trademarks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* § 1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants INOVIT INC., WHEELS OUTLET USA LLC d/b/a INOVIT EAST COAST, YINGSHEN (VICTOR) MAO, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

65.    Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 19 - 53 in this FAC as though fully set forth in this cause of action.

66.    Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW Trademarks, have standing to maintain an action for false designation of origin and unfair competition under Section 43(a) of the *Lanham Act* (15 U.S.C. § 1125).

67.    Plaintiffs' BMW Trademarks are inherently distinctive and/or have otherwise acquired distinctiveness.

68.    Plaintiffs are informed and believe, and on that basis allege, that Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or

association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

69. Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

70. Plaintiffs are informed and believe, and on that basis allege, that the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

71. Plaintiffs are informed and believe, and on that basis allege, that Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' BMW Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

72. Plaintiffs are informed and believe, and on that basis allege, that Defendants' egregious and intentional use, sale and distribution of fake, pirated and counterfeit automobile products bearing Plaintiffs' BMW Trademarks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW products.

73. Plaintiffs are informed and believe, and on that basis allege, that Defendants' continuing and knowing use of BMW Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act* (15 U.S.C. § 1125(a)), causing Plaintiffs to suffer substantial and

irreparable injury for which it has no adequate remedy at law.

74.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' wrongful conduct has permitted or will permit it to make substantial profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of genuine BMW products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial.  Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

75.    Plaintiffs are informed and believe, and on that basis allege, that based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Ac*t, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

### **THIRD CAUSE OF ACTION**

**(Trademark Dilution against Defendants INOVIT INC., WHEELS OUTLET USA LLC d/b/a INOVIT EAST COAST, YINGSHEN (VICTOR) MAO, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

76.    Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 19 - 53 in this FAC as though fully set forth in this cause of action.

77.    Plaintiffs' BMW Trademarks are distinctive, and the BMW Marks are famous within the meaning of the *Lanham Act*.

78.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' unlawful actions began long after Plaintiffs' BMW Trademarks

became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' BMW Trademarks.  Defendants' conduct is willful, wanton and egregious.

79.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' intentional importation, transportation, sale and/or distribution of fake, pirated, and counterfeit items bearing Plaintiffs' BMW Trademarks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW products. The actions of Defendants complained of herein have diluted and will continue to dilute the BMW Trademarks and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' BMW Trademarks, and injure the business reputation of Plaintiffs and their marks.

80.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

81.    As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiffs are informed and believe, and on that basis allege, that they are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants INOVIT INC., WHEELS OUTLET USA LLC d/b/a INOVIT EAST COAST, YINGSHEN (VICTOR) MAO, and DOES 1 through 10, Inclusive)**

[*California Business & Professions Code* § 17200 *et seq.*]

82.     Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 19 - 53 in this FAC as though fully set forth in this cause of action.

83.     Plaintiffs are informed and believe, and on that basis allege, that by marketing, advertising, promoting, selling, importing, transporting, warehousing, distributing, shipping and/or otherwise dealing in counterfeit BMW products, Defendants have engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq.*

84.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' importation, transportation, sale, distribution, and other dealings in counterfeit BMW products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

85.     Plaintiffs are informed and believe, and on that basis allege, that Defendants knew or by the exercise of reasonable care should have known that their importation, transportation, marketing, advertising, promoting, selling, and distribution of counterfeit BMW products would cause confusion mistake or deception among purchasers, users and the public.

86.     Plaintiffs are informed and believe, and on that basis allege, that by importing, transporting, marketing, advertising, promoting, selling, distributing,

- 23 -
FIRST AMENDED COMPLAINT FOR DAMAGES

and/or otherwise dealing in products bearing counterfeit versions of Plaintiffs' BMW Trademarks, Defendants intended to, did, and will continue to induce customers to purchase counterfeit products by trading off the extensive goodwill built up by Plaintiffs in the BMW Trademarks.

87.   Plaintiffs are informed and believe, and on that basis allege, that the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

88.   Plaintiffs are informed and believe, and on that basis allege, that Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of the BMW Trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and their actual and/or compensatory damages.

89.   Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

## **FIFTH CAUSE OF ACTION**

**(Federal Design Patent Infringement against Defendants INOVIT INC., WHEELS OUTLET USA LLC d/b/a INOVIT EAST COAST, YINGSHEN (VICTOR) MAO, and DOES 1 through 10, Inclusive)**

**[35 U.S.C. § 271]**

90.   Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 19 - 53 in this FAC as though fully set forth in this cause of

1   action.

2   91.    Plaintiffs are the owners of the BMW Design Patents with the USPTO

3   registration numbers: D560,585; D615,018; D621,770; D630,564; D661,239;

4   D671,473; D826,128; D686,130; D696,178; D697,007; D748,560; D758,943;

5   D792,315; and D686,128.

6   92.    Plaintiffs are informed and believe, and on that basis allege, that

7   Defendants have infringed and continue to infringe the BMW Design Patents by

8   using, selling and/or offering to sell, within the United States and/or importing into

9   the United States, wheels identified by designs YSM-304 (infringing upon design

10  patent D696,178), YSM-328 (infringing upon design patent D792,315), YSM-357

11  (infringing upon design patent D560,585), YSM-362 (infringing upon design

12  patent D758,943), YSM-453 (infringing upon design patent D748,560), YSM-541

13  (infringing upon design patent D615,018), YSM-545 (infringing upon design

14  patent D671,473), YSM-546 (infringing upon design patent D686,128), YSM-547

15  (infringing upon design patent D826,128), YSM-548 (infringing upon design

16  patent D630,564), YSM-549 (infringing upon design patent D661,239), YSM-550

17  (infringing upon design patent D621,770), YSM-552 (infringing upon design

18  patent D697,007) and YSM-553 (infringing upon design patent D686,130) which

19  embody the design covered by the BMW Design Patents.

20  93.    Plaintiffs are informed and believe, and on that basis allege, that

21  Defendants' infringing YSM-304, YSM-328, YSM-357, YSM-362, YSM-453,

22  YSM-541, YSM-545, YSM-546, YSM-547, YSM-548, YSM-549, YSM-550,

23  YSM-552 and YSM-553 wheels include all of the ornamental designs of the BMW

24  Design Patents.  By their conduct, Defendants have violated 35 U.S.C. § 271 by

25  direct infringement of the BMW Design Patents and by inducing others to infringe

26  the BMW Design Patents.

27  94.    Plaintiffs are informed and believe, and on that basis allege, that

28  Defendants have earned profits by virtue of their infringement of the BMW Design

Patents.

95.     Plaintiffs are informed and believe, and on that basis allege, that as a direct and legal result of Defendants' wrongful conduct, Plaintiffs have been and will be irreparably and permanently harmed; wherefore Plaintiffs are without an adequate remedy at law.  Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from further engaging in infringement of the BMW Design Patents.

96.     Plaintiffs are informed and believe, and on that basis allege, that Defendants infringement of the BMW Design Patents is and has been willful. Accordingly, Plaintiffs are entitled to monetary damages, in an amount to be proven at trial, an award of treble damages, and their reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### (Breach of Settlement Agreement against Defendant INOVIT INC., and DOES 1 through 10, Inclusive)

97.     Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 19 - 53 in this FAC as though fully set forth in this cause of action.

98.     On or about December 31, 2015, Defendant INOVIT entered into a Settlement Agreement with Plaintiffs.

99.     Defendant INOVIT breached this Agreement with Plaintiffs by:  (i) importing counterfeit labels and emblem into the United States from China bearing BMW Trademarks on or about October 10, 2018; and (ii) continuing to offer for sale, sell and distribute infringing replica BMW wheel rims protected by the BMW Design Patents as discovered by Plaintiffs on or about July 31, 2020.

100.   Defendant INOVIT's willful breach of this Agreement with Plaintiffs has damaged Plaintiffs entitling them to damages.

/ / /

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG pray for judgment against Defendants Inovit Inc., Wheels Outlet USA LLC d/b/a Inovit East Coast, YingShen (Victor) Mao, and Does 1 through 10, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

B.     For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

C.     For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

D.     For $2,000,000.00 per counterfeit mark, per type of goods imported, sold, offered for sale, and/or distributed under 15 U.S.C. § 1117(c);

E.     For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

F.     In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

G.     For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

H.     For an award of Plaintiffs' damages and Defendants' profits adequate to compensate Plaintiffs for Defendants infringement of the BMW Design Patents, and in no event less than a reasonable royalty for Defendants acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate

- 27 -
FIRST AMENDED COMPLAINT FOR DAMAGES

permitted by law;

I.      For an award of all damages, including treble damages based on any infringement found to have been willful pursuant to 35 U.S.C. § 284, together with pre-judgment interest;

J.      For an award of all Defendants profits pursuant to 35 U.S.C. § 289, together with pre-judgment interest;

K.      For damages in an amount to be proven at trial for breach of settlement agreement by Defendant Inovit Inc.;

L.      For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

M.      For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

N.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

O.      For destruction of the infringing/counterfeit articles in Defendants' possession under 15 U.S.C. § 1118;

P.      For damages in an amount to be proven at trial for unjust enrichment;

Q.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

- 28 -

FIRST AMENDED COMPLAINT FOR DAMAGES

R.     For Plaintiffs' reasonable attorney's fees;

S.     For all costs of suit; and

T.     For such other and further relief as the Court may deem just and equitable.


DATED:  February 10, 2021          JOHNSON & PHAM, LLP


                                   By: /s/ Marcus F. Chaney
                                   Christopher D. Johnson, Esq.
                                   Christopher Q. Pham, Esq.
                                   Marcus F. Chaney, Esq.
                                   Attorneys for Plaintiffs
                                   BMW OF NORTH AMERICA, LLC and
                                   BAYERISCHE MOTOREN WERKE AG



## DEMAND FOR JURY TRIAL

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG respectfully demand a trial by jury in this action pursuant Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1.


DATED:  February 10, 2021          JOHNSON & PHAM, LLP


                                   By: /s/ Marcus F. Chaney
                                   Christopher D. Johnson, Esq.
                                   Christopher Q. Pham, Esq.
                                   Marcus F. Chaney, Esq.
                                   Attorneys for Plaintiffs
                                   BMW OF NORTH AMERICA, LLC and
                                   BAYERISCHE MOTOREN WERKE AG

FIRST AMENDED COMPLAINT FOR DAMAGES